Judge Underwood
delivered the opinion of the Court.
Mayersback filed a bill in chancery, against Fauntleroy, &c. and by default, obtained a decree against Fauntleroy for $1000, incase he did not surrender a certain slave, and for $584 50, absolutely, for the hire of said slave. The decree concludes thus: “It is further ordered and decreed, that said negro man, Orange, be liable to the payment of said defendant, Ilannum’s proportion of said $350, -to wit, $175.” Hannum was made a defendant to tlie bill, and process served on him, but he never answered. The $350, alludes to that amount, paid by Fauntleroy and Hannum for Mayersback, to secure the payment of which, they held a mortgage.* or deed of trust, on the slave Orange, as assignees of Orndorff, Fauntleroy filed a bill, praying to injoin the execution ofihe decree, rendered in favor of Mayersback, alleging that it was fraudulently obtained, and praying that the decree might be set aside, &.c
in general, billeof review and bills to ■impeach decrees for (i'aud, should terminate by setting aside the decree, reviewed or impeached, and if it was obtained by the default of the def’ts they should then be permitted to fije answer, or plead, so that the matter of the original bill, may be litigated be^ tween the parties.
*536 Fauntleroy made Hannum and Orndorff defendants, as well as Mayersback. Both answered the bill, Han-num stating in his answer, that he claimed a lien on Orange, to secure the payment of $175, and asked a decree for the sale of the slave to satisfy it. But he did not make his answer a cross bill against Mayers-back, nor can his answer to Fauntleroy’s bill be regarded as an answer to Mayersback’s bill, in which the decree had been obtained.
The proceedings have been so irregular, that the decree rendered upon Fauntleroy’s bill must be reversed. The bill of Fauntleroy is a bill to impeach Mayersback’s decree for fraud, but in its consequences, it is analogous to a bill of review, in its technical sense.
We are of opinion that the decree rendered on Mayersback’s bill, was properly set aside, as having been fraudulently obtained, but after it was nullified, the defendants to it should then have been permitted to file their answers; and the cause should have progressed as though the defendants had answered in due time.
Hannum did not, neither did Orndorff, apply for a review of, or to impeach the decree rendered in favor of Mayersback. They had not been injured by it; but before the slave Orange, could be restored to Mayersback, he was bound to settle, or litigate, with Hannum, his interest in the slave: this could only be done after that decree was set aside, by letting Han-nurn and Orndorff file answers to Mayersback’e bill. W e will not sayj that if all parties, against whom a decree is rendered by default, seek a review of it, or impeach it, for any cau«e, and in their bill for that purpose, give a full and complete answer to the bill filed against them, and pray for a decree against the original complainant, over and above setting aside his decree, and proceed to prepare the same accordingly, that it would be improper to give such decree, and settle the whole controversy, without stopping with an order, merely nullifying the former decree, and giving leave to answer the original bill. But in general, bills of review, and hills to impeach decrees for fraud, should terminate by setting aside the decree reviewed or impeached, and if it was obtained on the default of the defendants,they should then be per- *537 «nitted to file answers, or to plead so that (he matter of the original bill may be litigated between the parties.' Such has not been the proceedings in the present case. Mayersback’s decree has been taken from liim, and his bill has been left standing, without any intimation what was to bo done with it; and Hannum, upon Fauntleroy’s bill, lias substantially obtained a decree against Mayersback, without answering his bill, and without calling upon him to answer any bill or complaint,exhibited by Hannum.
Wickliffe and Woolley, for plaintiffs; Chirm, for dé fendants.
We are also of opinion, that there is an error in the decree which Fauntleroy has obtained, in regard to the hire of the slave. The witnesses only say, that they (two in number,) would not be willing to give more than $40 per annum, for t ie hire of Orange. There is difference betwen what a man is willing to give, and what a thing is actually worth, and will command in market. This last is the criterion, and when a party, who selects his own witnesses, upon these kind of investigations, arid with apparent design, only asks what they would be willing to give, we think the chancellor ought to appoint a disinterested commissioner to report the hire. Such a practice will conduce to the purposes of justice in all such cases.
Wherefore, the decree of the circuit court is reversed, and the cause remanded, with directions to ■set aside the decree obtained by Mayersback, and then to allow the defendants to his bill, a reasonable time to answer the same, and for such other proceedings, as may be conformable to law, and not inconsistent with this opinion.
The plaintiff must recover his costs.